Bissell, P. J.,
delivered the opinion of the court.
Piper sued the Pueblo City. Railway Company for the damages caused by the operation of one of the company’s cars. His complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, he elected to abide by the pleading and brought the case here. The only question is whether he set up enough to entitle him to make the proof necessary to maintain his suit. We have been unable to discover any valid reason for the court’s judgment. We were not aided in our investigation by any brief on behalf of the railway company, and are unable to state the theory of their contention. We do not depm it necessary to set out the complaint. A simple statement of the general allegations of the pleading will suffice to illustrate our position. The complaint is not very artistically drawn, and is put. in the form of two counts instead of one, though they both state the same identical cause of action. The only difference between the two counts is that in one the company is alleged to have negligently operated the car; and in the other, to have been negligent in the hiring of unskilled and improper persons to work it. Of course it makes but little difference what constituted the negligence of the company so long as the accident resulted from the want of care. In general, the plaintiff stated the incorporation of the railway company, and its operation of a system of street cars propelled by electricity in the city of Pueblo. He averred that while he was driving along one of the streets in the city, he started to cross the track in front *426 of a car which at that time was standing motionless a little off the crossing. He drove on to the track very close to it. At this time, neither the motorman nor conductor was on the car. While he was in the act of crossing, they suddenly started the car and recklessly ran it into his wagon, whereby his property was much damaged, and he seriously injured. He not only averred that he was free from negligence at the time, but that fact is generally deducible from the statements of the transaction which are contained in his complaint. What he said concerning the negligence of the company, if proven on the trial as laid, would undoubtedly render that company responsible for the injuries. Much of the argument of the plaintiff in error has been devoted to a discussion of the correlative rights and responsibilities of street railway companies operating cars by electricity, and of the citizen who may at the time be either using the line of the tracks or crossing them for legitimate purposes and at proper times. It would be inexpedient to attempt to lay down the law by which the rights of these parties must be determined because the facts which are always an essential premise are not before us. The subject has recently received considerable consideration in the case of Davidson v. The Denver Tramway Company, ante, 283. So far as we are now able to see, that decision will guide the court in the trial of this cause.
The judgment sustaining the demurrer was clearly erroneous, and it must be reversed.

Reversed.